# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Venture Bank, Inc., a Minnesota corporation,

    Plaintiff,

v.

The United States of America,

    Defendant.

Case No. _____

**COMPLAINT**

Plaintiff, Venture Bank, Inc., a Minnesota corporation ("Venture Bank"), as and for its Complaint against the above-named Defendant, states and alleges as follows:

## PARTIES

1. Venture Bank is, and at all relevant times has been, a Minnesota corporation with an office located at 5601 Green Valley Drive, Suite 120, Bloomington, MN 55437.

2. Defendant, the Internal Revenue Service of the United States of America, is and at all relevant times has been, an agency of the United States Government with its national office located at 10th Street and Pennsylvania Avenue, NW, Washington, D.C. 20004, and a local office located at 30 East 7th Street, Suite 1222, St. Paul, MN 55101.

## JURISDICTION

3. Jurisdiction of this matter is governed by U.S.C. §7426 (a)(1) (Civil Actions by Persons Other than Taxpayers).

4. This court also has jurisdiction pursuant to 28 U.S.C. §2201 and pendant and ancillary jurisdiction under the Minn. Stat. §555.01, which permits courts to have the power to declare rights, status and other legal relations whether or not further relief is or could be claimed.

5. Venue is appropriate in the District of Minnesota because Plaintiff is incorporated under the laws of Minnesota and has its principal place of business in Bloomington, Minnesota. Further, the events and actions of the Defendant giving rise to the claims occurred in the State of Minnesota.

## FACTS

6. Venture Bank loaned Advanced Tool, Inc., a Minnesota corporation ("Advanced Tool") $1,000,000.00 on or about November 15, 2007. Advanced Tool executed a mortgage in favor of Venture Bank, which was properly recorded on December 3, 2007 with the Anoka County Recorder's Office, Document No. 1997450.001.

7. Advanced Tool defaulted on their obligations and the property was voluntarily foreclosed by Venture Bank on December 15, 2010. At the time of the foreclosure sale, Venture Bank paid $828,451.78 for the property at the Sheriff's Sale.

8. Prior to the foreclosure sale, two separate title companies, Old Republic National Title Insurance Company and West Title, LLC conducted title searches on November 1, 2011 and November 5, 2011 respectively. Neither title insurance company search revealed any liens by the IRS.

9. Subsequent to the Sheriff's Sale, Venture Bank incurred substantial costs related to the owning of the property, including remitting payment for unpaid property taxes, utilities, and cleaning up hazardous waste on the property.

10. Venture Bank located its own buyer for the foreclosed property and sold it for less than the amount it had paid at the Sheriff's Sale and the expenses incurred through the time of sale on July 13, 2011.

11. Prior to the sale of the building, another title search was conducted and the Federal Tax Lien ("FTL") against Advanced Tool for unpaid payroll taxes was discovered.

12. As a result, the title company which conducted the sale, Guaranty Commercial Title, Inc. ("Guaranty") filed an Application for Certificate of Discharge on behalf of Advanced Tool on April 20, 2011. That document was sent to the attention of Cathy Paradis ("Paradis"). Guaranty provided all requested documents by the IRS to Christine Braziel ("Braziel") on May 2, 2011. It was Guaranty's understanding, through discussions with the IRS, that the IRS recommended a discharge and forwarded it to the St. Paul office with that recommendation. Further, Guaranty was informed that the discharge was to be issued "soon" after May 4, 2011.

13. After the recommendation was made by either Paradis or Braziel for a discharge, the information was forwarded to Deborah Olsen ("Olsen") in the St. Paul office. Olsen contacted Guaranty in mid-May requesting additional information, including the Purchase Agreement dated April 26, 2011, which indicated that the closing was to occur no later than July 25, 2011. That information was forwarded to Ms. Olsen on May 23, 2011. In addition, Guaranty provided Olsen with an e-mail from Venture Bank listing the bank costs and expenses into the property from the unpaid loan plus taxes and other holding costs, such as utilities, interest and insurance, demonstrating that there was no profit from the sale of the property to the new owner.

14. When the IRS did not send a formal response by the date of closing, despite having all the information, Venture Bank was forced to close on the property or risk breaching the contract. To avoid any potential problems, Guaranty escrowed the amount of funds listed on the tax lien paperwork.

15. Without making any determination on the discharge of the lien, the IRS served levy papers on Guaranty for the monies held in escrow.

16. Venture Bank attempted to work with Olsen to resolve the issue, based on Guaranty Title's application, but the discharge was denied.

17. Venture Bank appealed the discharge on behalf of Advanced Tool and provided the appeal agent all the information regarding Venture Bank's bona fide purchaser status. When counsel for Venture Bank discussed Venture Bank's position on its bona fide purchaser status with IRS agent Susan Tucker ("Tucker"), she admitted that she had never heard of the claim of bona fide purchaser status and did not understand that the money in escrow was Venture Bank's money, not Advanced Tool's money. She requested that counsel provide support on Venture Bank's claim it was a bona fide purchaser. Counsel provided that information on November 3, 2011. Despite all evidence which demonstrates that the lien is unenforceable pursuant to IRC §6323 (f)(4)(A-B), the decision to deny the appeal was made even before she received the requested information, demonstrating Tucker's negligent, reckless or intentional disregard of the provision of the Code which applies to this matter.

## COUNT I
## VIOLATION OF U.S.C.A §7426 (a)(1)

18. Venture Bank reallages Paragraphs 1-17 of its Complaint as if fully set forth herein.

19. At the time of the purchase of Advanced Tool's property from the Sheriff's Sale, Venture Bank did not have actual notice of the FTL against Advanced Tool.

20. A reasonable inspection of the index by two separate title companies did not reveal the existence of the lien.

21. Minnesota Statute §270C.63 requires that liens be filed and recorded in a public index.

22. There is an adequate system for the public indexing of federal tax liens in the State of Minnesota.

23. Because there is a state requirement that liens be filed and recorded in a public index, there is an adequate system within the State of Minnesota for filing and recording of liens, Venture Bank did not have actual notice of the lien, and the two title searches by two separate title companies indicate that the lien was not filed in a manner in which a reasonable inspection of the index could reveal the lien, pursuant to Internal Revenue Code §6323 (f)(4)(A-B), the FTL does not meet the filing requirements and is not enforceable against Venture Bank.

24. Because the FTL is not enforceable against Venture Bank, any levy against its funds based on it is wrongful.

25. The IRS's attempts to levy the fund are in violation of U.S.C.A. §7426 (a)(1).

## COUNT II
## VIOLATION OF U.S.C.A §7426 (b)(1)

26. Venture Bank reallages Paragraphs 1-25 of its Complaint as if fully set forth herein.

27. The IRS's levy of Venture Bank's funds are in violation of U.S.C.A. §7426(a)(1).

28. Any unlawful levy of Venture Bank's funds would cause them irreparable damage and should be enjoined.

29. Pursuant to U.S.C.A. §7426 (b)(1) the Court may grant an injunction to prohibit enforcement of the levy.

30. Defendant should therefore be temporarily and permanently enjoined from levying on Venture Bank's funds.

## COUNT III
## VIOLATION OF U.S.C.A §7426 (h)

31. Venture Bank reallages Paragraphs 1-30 of its Complaint as if fully set forth herein.

32. Olsen and Tucker's actions, after being provided the information regarding I.R.C. §6323 (f)(4)(A-B) and Minn. Stat. §270C.63 and the information that Venture Bank had no actual knowledge of the FTL, together with the information that two separate title searches had been conducted, were negligent, reckless and/or intentional disregard of the provisions of the code.

33. The Defendant is liable to Venture Bank for the lesser of Venture Bank's actual, direct and economic damages and costs of the actions or $1,000,000.00, the exact amount to be determined at trial.

## COUNT IV
## DECLARATORY JUDGMENT ACTION

34. Venture Bank reallages Paragraphs 1-33 of its Complaint as if fully set forth herein.

35. There is a current dispute and controversy between the Venture Bank and the IRS regarding whether the FTL is enforceable against Venture Bank.

36. Pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. §2201, or in the alternative, Chapter 555 of Minnesota Statutes, Venture Bank requests that the Court determine and declare that the FTL filed by the IRS is not valid and enforceable against Venture Bank pursuant to I.R.C. §6323 (f)(4)(A-B).

## DEMAND FOR TRIAL

Plaintiff hereby requests a trial by jury.

**WHEREFORE**, Plaintiff Venture Bank, Inc. prays for judgment against Defendant the United States Government in this action as follows:

1. For a temporary restraining order; followed by a preliminary and permanent injunction against Defendant requiring that it be enjoined from collecting on its wrongful levy;

2. For a judgment in the amount of levied upon if Defendant is permitted to execute its levy pending resolution of this matter;

3. For an award of damages for the lesser of Plaintiff's actual, direct economic damages sustained as a proximate result of the reckless or intentional or negligent disregard of any provision of the Code and the costs of the action or $1,000,000.00;

4. For such other and further relief as the Court deems just and equitable.

Dated: December 7, 2011                   **MONROE MOXNESS BERG PA**


s/ Leslie M. Witterschein
Leslie M. Witterschein (ID # 261592)
8000 Norman Center Drive
Suite 1000
Minneapolis, MN 55437-1178
(952) 885-5999 - Telephone
(952) 885-5969 - Facsimile
lwitterschein@mmblawfirm.com

**Attorneys for Plaintiff
Venture Bank, Inc.**

MMB: 4813-0321-8446, v. 1